IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 CRIMINAL ACTION NO. 5:04-00062

DAVID HEATH DOVE,

        Defendant.

### REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER

On May 20, 2010, the defendant, David Heath Dove, appeared in person and by counsel, Gregory J. Campbell, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* submitted by the defendant's supervising probation officer. The United States was represented at the hearing by John J. Frail, AUSA. United States Probation Officer Keith E. Zutaut was also present at the hearing.

On March 31, 2005, the defendant was sentenced to a term of imprisonment of 84 months to be followed by a 36 year term of supervised release. The defendant began serving the term of supervised release on May 5, 2009. On February 2, 2010 the *Petition for Warrant or Summons for Offender Under Supervision* was filed charging the defendant with violating certain conditions of supervised release. On February 3, 2010, the *Amended Petition for Warrant or Summons for Offender Under Supervision* was filed charging the defendant with violating certain conditions of supervised release

At the hearing, the court found that the defendant had received written notice of the alleged violations as contained in the *Petition*, and that the evidence against the defendant had been

disclosed. The court further found that the defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The court then found, by a preponderance of the evidence, that the defendant violated certain conditions of supervised release as contained in the *Petition*. Specifically, the court found that the defendant violated a standard condition that he shall not commit another federal, state or local crime. On or about January 16. 2010, the defendant sold a quantity of cocaine to a confidential informant in exchange for $1,400.00. On January 26, 2010, the defendant admitted selling one to two ounces of cocaine per week over at least the three previous months. In making these findings, the court relied upon the information contained in the *Petition*, the evidence presented at the hearing, and the defendant's own admission.

Having found the defendant to be in violation of the conditions of supervised release, the court **REVOKED** the defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the court that the defendant be committed to the custody of the Federal Bureau of Prisons for a term of **48 MONTHS**.

The defendant was remanded to the custody of the United States Marshal.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: May 20, 2010

Joseph R. Goodwin, Chief Judge